IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMBER NICOLE CHRISTAKOS, ) | Case No. 16-60082 |
| ) | |
| Debtor. ) | |

MEMORANDUM OPINION

The Chapter 7 Trustee objected to Debtor Amber Nicole Christakos's claimed exemption in "ongoing child support" under § 513.430.1(10)(d) of the Missouri Statutes as "alimony, support or separate maintenance." The Debtor responds that the postpetition child support is not property of the Debtor because it belongs to the child, or, alternatively, it is not property of the estate because it is a personal right. For the reasons that follow, I conclude that the Debtor's right to collect postpetition child support is not an asset of the estate, and the Trustee has no claim to such funds. The Trustee's objection to the Debtor's exemption claim will, therefore, be OVERRULED.

The Debtor receives $1,014 per month in child support. As of the petition date, child support payments were current. The Chapter 7 Trustee argues that the Debtor's right to receive postpetition child support payments accrued prepetition when the state court Judgment and Decree of Dissolution was entered on May 7, 2015; thus, the postpetition payments are an asset of the bankruptcy estate, subject to an allowed exemption of $750 per month.[1] The Trustee, therefore, asks this Court to order the Debtor to turn over to the Trustee, each month, the sum of $264, representing the excess child support over the $750 exemption. However, the

---

[1] Section 513.430.1(10)(d) of the Missouri Statutes allows debtors in Missouri to exempt "alimony, support or separate maintenance" up to $750 per month.

exemption provisions only apply as to property that is property of the estate, which the Debtor claims they are not. I turn to that issue first.

Property rights of debtors are determined under state law.[2] Once a debtor's right to property has been established under state law, the determination as to whether such property is property of the bankruptcy estate is a matter of federal law.[3] As relevant here, § 541 of the Bankruptcy Code provides:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property located and by whomever held:
>
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case.
>>
>> . . . .
>>
>> (5) Any interest in property that would have been property of the estate if such interest has been an interest of the debtor on the date of filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>>
>> . . . .
>>
>>> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.
>>
>> . . . .
>
> (d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.[4]

---

[2] *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 Led.2d 136 (1979).

[3] 11 U.S.C. § 541(a).

[4] 11 U.S.C. § 541(a)(1), (a)(5)(B), (d).

2

The Debtor contends that child support is not an asset of the Debtor, or the bankruptcy estate, because the recipient of such an award is obligated under Missouri law to use the funds for the benefit of the children for whom it is awarded. The Trustee makes three arguments in response:

1. That since the Debtor here listed the right to postpetition child support as an asset of the estate, and claimed it as exempt property; she should be estopped from now contending that the child support is not an asset of the estate.

2. That in any event, the postpetition child support is an asset of the estate under § 541(a)(1) of the Bankruptcy Code because the Debtor had the right to those funds on the date the bankruptcy petition was filed, and that the Debtor does not have a fiduciary obligation to use those funds in the best interest of the child, but is free to use them as she chooses.

3. That even if the Debtor were not entitled to the postpetition child support on the date the bankruptcy was filed, then under § 541(a)(5), any funds the Debtor actually receives in the 180 days after bankruptcy are an asset of the estate, subject to any exemption in such funds validly claimed by the Debtor.

I consider each of these arguments in turn.

## ESTOPPEL DOES NOT APPLY

The Trustee argues that the Debtor should be deemed to have admitted that the postpetition child support is property of the estate because she listed it on Schedule B, or that she should be estopped from arguing otherwise.

"Judicial estoppel is an equitable doctrine that 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'"[5] "While 'the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any

---

[5] *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1032 (8th Cir. 2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

general formulation of principle,' three factors inform a court's decision about whether it should apply."[6]

> First, a party's later position must be "clearly inconsistent" with its prior position. Second, a court should consider whether a party has persuaded a court to accept its prior position "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, a court should consider whether the party asserting inconsistent positions "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[7]

"In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts."[8] Judicial estoppel is an equitable doctrine, which is discretionary even when all of the elements are present.[9]

None of the elements of judicial estoppel is present here. First, listing an asset on Schedule B is not "clearly inconsistent" with the position that it is not an asset of the estate. Section 541 provides that the estate includes "all legal or equitable interests of the debtor in property." Even though I conclude below that the ongoing child support is ultimately not an asset, the Debtor was required to list it. Indeed:

> As § 727(a)(4)(A) makes clear, the [Bankruptcy] Code requires nothing less than a full and complete disclosure *of any and all*

---

[6] *Id.* at 1032-33 (quoting *New Hampshire v. Maine*, 532 U.S. at 750, 121 S.Ct. at 1808).

[7] *Id.* at 1033 (citations omitted).

[8] *New Hampshire v. Maine*, 532 U.S. at 751, 121 S.Ct. 1808.

[9] *See Ah Quin v. County of Kauai Dept. of Trans.*, 733 F.3d 267, 272 (9th Cir. 2013) (court not bound to apply judicial estoppel if inadvertence or mistake shown, even though all elements of judicial estoppel otherwise present).

4

*apparent interests of any kind.* The debtor's petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get to the facts.[10]

Although the Debtor has taken the position that her postpetition child support was not property of the estate, she was nevertheless absolutely required to list it: "questions of whether . . . assets titled in a debtor's name are, or are not, property of the estate are not questions a debtor should decide."[11] Thus, listing the child support on Schedule B was not "clearly inconsistent" with the argument that it was not property of the estate; rather, listing it was required. Moreover, because she was required to list it, the Debtor's claiming an exemption in it was prudent,[12] particularly since the question of whether it was an asset of the estate had not yet been determined.

Second, there is no indication that the Debtor has persuaded any court to accept the position that postpetition child support is property of her bankruptcy estate. No one has been misled here.

And, finally, the Trustee has not alleged that the Debtor "would derive an unfair advantage" by listing the child support, or that doing so imposed an unfair detriment to the Trustee or the bankruptcy estate.

In sum, the Debtor was entirely correct in listing the child support on Schedule B and debtors collecting postpetition child support in the future should continue to do so. The Trustee's estoppel argument is rejected.

---

[10] *Home Serv. Oil Co. v. Cecil* (*In re Cecil*), 542 B.R. 447, 453-54 (B.A.P. 8th Cir. 2015) (quoting *Korte v. Internal Rev. Serv.* (*In re Korte*), 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001) (citations and internal quotation marks omitted)) (emphasis added).

[11] *Id*. at 454.

[12] Although exemption claims are generally subject to liberal amendment, the right to freely amend exemptions is not absolute. *In re Bauer*, 298 B.R. 353, 356 (B.A.P. 8th Cir. 2003).

# THE POSTPETITION CHILD SUPPORT IS NOT PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE

### *11 U.S.C. § 541(a)(1) and § 541(d)*

As stated above, § 541(a)(1) provides that a debtor's bankruptcy estate broadly includes "all legal and equitable interests of the debtor in property as of the commencement of the case."[13] However, § 541(d) provides that "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest. . . becomes property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." The question here is: What is the nature of the Debtor's interest in the postpetition child support? Are custodial parents free to use child support as they wish, or do they hold such funds in trust for their children?

Missouri law does not expressly define ownership interests in child support awards. The duty to pay child support comes from § 452.340.1 of the Missouri Statutes, which provides that, "[i]n a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child . . . ."[14]

Nevertheless, the Missouri Supreme Court has said, "[t]he principal object of a child support order is to provide for the welfare of the children."[15] And

---

[13] 11 U.S.C. § 541(a)(5)(B).

[14] Mo. Rev. Stat. § 452.340.1.

[15] *Williams v. Williams*, 510 S.W.2d 452, 455 (Mo. banc 1974).

Missouri appellate courts have consistently held that a parent owes something akin to a fiduciary duty to use child support in the best interests of the children.

Thus, in *Block v. Lieberman*,[16] where the Missouri Court of Appeals was called upon to decide whether a custodial parent had standing to sue to collect child support for her child after the child turned 21 years of age, the court held that, "[t]he award of child support, although made to the mother, is for the benefit of the children, who because of their minority, lack the legal status to bring suit directly against their parent."[17] However, when a child reaches age 21, the "disability" of minority is removed and, if an obligation to support the adult child still exists, the child may sue in his own right to collect the obligation.[18]

Similarly, in *Davis v. Davis*,[19] the issue was whether child support payments to a custodial parent from a previous marriage, some of which had been deposited over the years into savings accounts intended for the children's education, were the marital property of the custodial parent and her subsequent spouse. Pointing out that the purpose of child support is to provide for the needs of the children, the Missouri Court of Appeals held that a child support judgment "is not an asset of the custodial parent to be considered at any point in the calculation of that parent's assets in the dissolution of a later marriage."[20] Since the funds in the accounts at

---

[16] 506 S.W.2d 485 (Mo. App. E.D. 1974).

[17] *Id.* at 486.

[18] *Id.* at 486-87. *Accord*, *Martin v. Martin*, 539 S.W.2d 756 (Mo. App. W.D. 1976) (relying on *Block v. Lieberman*, and holding that the custodial parent of a child who was over age 21 did not have standing to seek child support through her divorce action; rather, the child could proceed in his own right to establish such support obligation).

[19] 107 S.W.3d 425 (Mo. App. E.D. 2003).

[20] *Id.* at 432 (quoting *Elliot v. Elliot*, 621 S.W.2d 305, 308 (Mo. App. W.D. 1981) (holding that a custodial parent's judgment against a former spouse for back child support was "not an asset of the custodial parent to be considered at any point in the calculation of that parent's total assets in the dissolution of a later marriage.")).

issue came from child support payments and had been invested for the benefit of the children, they were not marital property, even though the accounts were held in the custodial parent's name alone.[21] Thus, while the custodial parent held legal title to the funds, that parent did not have the equitable right to use such funds other than for the child's benefit.

In *Poland v. Poland*,[22] the Missouri Court of Appeals treated not just child support, but also maintenance, as having attributes different from other kinds of judgments. The question there was whether a claim by one ex-spouse for damage to the marital residence and other non-child related obligations could be offset against that ex-spouse's obligation for maintenance and child support. The Court said:

> A judgment for maintenance and child support is a special kind of judgment. It is intended for the limited purposes of maintenance and child support. With respect to the child support judgment, it may further be said the wife receives child support in a kind of fiduciary capacity, with the obligation to expend it for the support of the children.[23]

The Court thus held that claims for maintenance and child support by one parent could not be offset against that parent's judgment against the other.[24] Once again,

---

[21] *Id. Accord In re Palidora*, 310 B.R. 164 (Bankr. D. Ariz. 2004) (holding that, although no Arizona statute or judicial decision expressly declares child support payments to be trust funds, they "imply as much," and, therefore, court-ordered child support funds held in an account are expressly excluded from a bankruptcy estate by § 541(d), which excludes "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest.").

[22] 895 S.W.2d 670 (Mo. App. W.D. 1995).

[23] *Id.* at 672.

[24] *Id.*

8

while the custodial parent held legal title to the claim, that parent did not hold the equitable right to use such funds other than in the child's best interests.[25]

In *In re Prettyman*,[26] cited by both parties here, the Honorable Frank W. Koger of this Court held that the probate estate of a custodial parent who was owed a child support arrearage by a debtor did not have standing to collect that judgment since such funds would be collected for the benefit of the child. Judge Koger cited *Block v. Lieberman*, which, as stated above, held that child support payments are "for the benefit of the children," and are paid to the custodial parent only because the child lacks legal status to sue to collect the payments in her individual capacity.[27]

Arguably, *Prettyman* stands for the proposition that child support arrearages are not an asset of a bankruptcy estate. However, this case does not involve a claim for prepetition arrearages by the Debtor against her former spouse, and so I am not called upon to determine whether *Prettyman*'s conclusion that a parent has no interest in child support arrearages for probate purposes means that such an arrearage is not property of a bankruptcy estate under § 541(a)(1). There is an arguable distinction between ongoing support payments and arrearages because a custodial parent has a fiduciary-like obligation to use the postpetition monthly payments for the child's benefit, whereas collection of an arrearage, in effect, reimburses the custodial parent for paying the noncustodial parent's share of the expenditures made for the child. This would be particularly relevant in the

---

[25] *See also Smithson v. Smithson*, 986 S.W.2d 939, 942-43 (Mo. App. S.D. 1999) ("[T]he child support judgment against Husband in this case cannot be offset against the judgment Wife owes him."); *Janes v. Janes*, 242 S.W.3d 744 (Mo. App. W.D. 2007) (holding that, while child support is not considered to be an asset of the custodial parent, maintenance would be).

[26] 117 B.R. 503 (Bankr. W.D. Mo. 1990).

[27] *Id.* at 505.

bankruptcy context, where collection of an arrearage should arguably be used to repay creditors whose claims may have been incurred for the benefit of the child.[28]

In any event, as stated, I am not presented with the question of arrearages here.[29]

In support of his argument that child support awards are property of a debtor, the Trustee cites a number of Missouri statutes which give the holder of a judgment, such as the Debtor here, the right to enforce that judgment by placing liens on property or conducting debtors' examinations. That argument begs the question of whether the parent holds such funds in a fiduciary capacity for the

---

[28] *See, e.g., In re Henady*, 165 B.R. 887 (Bankr. N.D. Ind. 1994) (holding that the right to collect a child support arrearage is a right of reimbursement, which is personal to the custodial parent, after that parent has expended its own funds to meet the needs of the child for whose benefit support was to have been paid, and is therefore property of the bankruptcy estate which should be used to pay the creditors whose claims were created by the nonpayment of child support).

[29] *Compare*, *In re King*, 233 B.R. 176 (B.A.P. 10th Cir. 1999) (unpublished opinion) (holding that because "the emerging view, in many jurisdictions, is that child support is a property interest belonging to the child," and "the custodial parent merely has a right to enforce the child's property interest," a child support arrearage was not property of the estate); *In re Perry*, 2009 WL 367079 (Bankr. S.D. 2009) (holding that, under South Dakota law, the custodial parent acts as a trustee of child support payments made for the minor children involved and, therefore, child support arrearages are not property of the bankruptcy estate); *In re Poffenbarger*, 281 B.R. 379 (Bankr. S.D. Ala. 2002) (holding that child support arrearages are not property of the bankruptcy estate, in part because "child support is a fundamental right for the benefit of the minor child, and not for the benefit or support of the custodial parent"); *with In re Hosier*, 875 F.2d 128 (7th Cir. 1989) (holding that a judgment for child support creates legal rights in the parent who received the judgment, thereby permitting that parent to assign a child support arrearage to the attorney hired to collect it); *In re McKain*, 325 B.R. 842 (Bankr. D. Neb. 2005) (holding that under Nebraska statutory law, "child support paid to the party having custody of a minor child 'shall be the property of such party' unless it has been assigned to the Department of Health & Human Services," and therefore, is property of the estate); *In re Harbour*, 227 B.R. 131 (Bankr. S.D. Ohio 1998) (holding that a debtor's judgment for prepetition child support was property of her bankruptcy estate); *In re Henady*, 165 B.R. 887 (Bankr. N.D. Ind. 1994) (holding that the right to collect a child support arrearage is a right of reimbursement, which is personal to the custodial parent after that parent has expended its own funds to meet the needs of the child for whose benefit support was to have been paid and is, therefore, property of the bankruptcy estate).

benefit of the child. As the Missouri cases discussed above point out, such judgments cannot be entered directly in favor of a minor child, nor can child support payments be made directly to a minor child, because minor children lack the capacity to act on their own behalf in paying for necessities or enforcing judgments. If such judgments were not entered in the name of the custodial parent, another form of guardian would have to be appointed.

There appear to be no Eighth Circuit cases considering whether postpetition child support is an asset of a custodial parent's bankruptcy estate. However, in *Mehlhaff v. Allred*,[30] the Bankruptcy Appellate Panel for the Eighth Circuit concluded that, because a person's right to receive postpetition *alimony* payments is a right which could be subject to attachment of an attorney's lien under South Dakota law, it was the kind of property right that becomes property of the estate under § 541(a)(1).

Significantly, however, as the BAP in *Mehlhaff* noted, child support is fundamentally different from alimony in that it is not intended for the benefit of the custodial parent, but for the child: "in contrast to alimony, child support would not likely be property of the estate because, under South Dakota law, child support is for the child's benefit and is not considered to be a debt due the custodial parent."[31]

This observation concerning child support is consistent with Missouri law holding that child support is for the child's benefit, as discussed above. Moreover, the BAP held that alimony was property of the estate because an attorney's lien could attach to it. In contrast, in *Covington v. Allamby*,[32] the Missouri Court of Appeals affirmed an order quashing an attorney's lien on a retroactive child

---

[30] 491 B.R. 898 (B.A.P. 8th Cir. 2013).

[31] *Id.* at 904 n 32.

[32] 105 S.W.3d 507 (Mo. App. E.D. 2003).

11

support judgment because "[a]llowing an attorney's lien against an award of retroactive child support would take money away from the child and would run counter to the general purpose of child support to provide for the needs of the child."[33]

Missouri courts have long recognized that a parent receiving child support is obligated to use such funds in the best interests of the child. It would contravene the purpose of child support – as expressed consistently by Missouri courts – if a bankruptcy trustee could claim the postpetition support payments for the benefit of creditors of those parents.[34] While a custodial parent holds legal title to child support funds, Missouri law does not give that parent the equitable right to use such funds as he or she pleases. Therefore, § 541(d) excludes postpetition child support payments from property of the estate.

Based on the foregoing, I conclude that, under Missouri law, child support is paid to the custodial parent "in trust" for the benefit of the child. As a result, the Debtor's postpetition child support is not property of the estate under § 541(a).

## *11 U.S.C. § 541(a)(5)(B)*

Finally, the Trustee asserts that even if postpetition child support is excluded from the estate by § 541(d), that the postpetition child support for the six months postpetition is property of the estate under § 541(a)(5)(B). That section provides that the estate includes:

---

[33] *Id.* at 509.

[34] *See Janes v. Janes*, 242 S.W.3d 744, 750 (Mo. App. W.D. 2007) ("Unlike situations involving child support, for which the child is the intended beneficiary though not party to the dissolution action, maintenance is intended to benefit a spouse, who is party to the action.") (internal citations omitted); Mo. Rev. Stat. § 210.817 ("'Parent and child relationship', the legal relationship existing between a child and his natural or adoptive parents incident to which the law confers or imposes rights, privileges, duties, and obligations. It includes the mother and child relationship and the father and child relationship.").

any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . . as a result of a property settlement or agreement with the debtor's spouse, or of an interlocutory or final divorce decree.[35]

In *In re Jeter*,[36] the Bankruptcy Appellate Panel for the Eighth Circuit held that postpetition *alimony* is not property of the bankruptcy estate under § 541(a)(5)(B) because the unambiguous language of that provision applies only to property settlement payments, and not to alimony awards.[37]

If § 541(a)(5)(B) does not apply to alimony or maintenance, § 541(a)(5)(B) certainly would not encompass child support.

## CONCLUSION

Based on the foregoing, I conclude that the Debtor's postpetition child support is not property of her bankruptcy estate. As such, I need not reach the question of whether postpetition child support would be exempt under § 513.430.1(10)(d). An Order will be issued accordingly.

Dated: 6/20/2016

/s/ Arthur B. Federman
Bankruptcy Judge

---

[35] 11 U.S.C. § 541(a)(5)(B).

[36] 257 B.R. 907 (B.A.P. 8th Cir. 2001).

[37] *Id.* at 910. *See also Mehlhaf v. Allred*, 491 B.R. 898, 902 (B.A.P. 8th Cir. 2013) (reiterating that the debtor's right to postpetition alimony is not property of the bankruptcy estate by virtue of § 541(a)(5) because that provision only encompasses property awards).